[Civ. No. 33801.   Second Dist., Div. Four.   Dec. 23, 1968.]

JAMES MITCHELL BYRD, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; THE PEOPLE, Real Party in Interest.

Allan M. Myerson for Petitioner.

*Assigned by the Chairman of the Judicial Council.

No appearance for Respondent.

Evelle J. Younger, District Attorney, Harry Wood and Harry B. Sondheim, Deputy District Attorneys, for Real Party in Interest.

WAPNER, J. pro tem.*—Petitioner herein was charged with violation of section 11530 of the Health and Safety Code. He made a timely motion under section 1538.5, Penal Code, to suppress evidence of marijuana found on his person.

█ The testimony discloses that petitioner was a passenger in a vehicle which was stopped for a traffic violation. (The officer could not read the rear license plate from a distance of 50 feet.) This occurred at approximately 9 p.m., on June 7, 1968. An officer testified that he observed what he felt was a furtive movement committed by petitioner just prior to the time the vehicle was stopped. As the vehicle came to rest petitioner alighted from the vehicle at which time the officer approached him and patted him down for weapons. He found none. Thereafter, while petitioner was standing next to the witness' partner the witness testified he noticed what appeared to be a large bulge in the waistband under petitioner's sweater whereupon the witness grabbed petitioner's sweater and pulled it up. This maneuver revealed four packages of marijuana which is the evidence petitioner seeks to suppress.

Certainly no citation is necessary for the proposition that the officer had a right to stop the vehicle to issue a traffic citation. Assuming arguendo that the officer was justified in making a patdown search for weapons did a search here exceed the proper bounds as prescribed in *Terry* v. *Ohio,* 392 U.S. 1 [20 L.Ed.2d 889, 88 S.Ct. 1868]. In that case weapons search is permissible if an officer is justified in believing that the subject he is investigating at close range is armed and presently dangerous to the officer and to others notwithstanding probable cause for arrest is lacking. The manner of the search for weapons, however, is important. The *Terry* case, *supra,* held that patting down of the outer clothes of a suspect without the officer placing his hands into the pockets or under the outer surface of clothes was proper; and if when so doing the officer felt a weapon under the clothing he could remove the same.

Under the circumstances herein involved even if the officer

*Assigned by the Chairman of the Judicial Council.

reasonably felt that the bulge under petitioner's waistband was a weapon, he could have conducted another patdown search; the defendant had made no motion to reach for his waistband; had done nothing when alighting from the vehicle to indicate that he was armed, or that he had attempted to harm the officer in any way. We conclude therefore that the action of the police officer in this instance was improper and that the evidence recovered as result of said action must be suppressed.

Let a peremptory writ issue prohibiting the respondent court from receiving in evidence the marijuana taken from petitioner's person on June 7, 1968.

Files, P. J., and Jefferson, J., concurred.