[Crim. No. 1044. Fifth Dist. Nov. 15, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
RUBEN CURIEL AVILES, Defendant and Appellant.

**COUNSEL**

David L. Allen for Defendant and Appellant.

Evelle J. Younger, Attorney General, Arnold O. Overoye and Gary Allon Larson, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**FRANSON, J.***—Appellant appeals from a judgment of conviction entered pursuant to a jury verdict finding him guilty of violation of Health and Safety Code section 11530, possession of marijuana.

On February 21, 1970, at approximately 10:30 p.m., California Highway Patrolmen Kaiser and Spence were in Cutler at the intersection of Road 124 and Avenue 408, investigating a hit-and-run property damage accident. While parked at the side of Road 124, they observed a car coming from their rear, traveling north on Road 124, with its headlights out of adjustment. Officer Kaiser stepped out of the patrol car and flagged down the approaching car with his flashlight. As it slowed to stop, Kaiser noticed the passenger "with his left hand appear to be hiding something

---

*Assigned by the Chairman of the Judicial Council.

or he was doing something with his left hand." Kaiser could see the chest, shoulders and head of the passenger.

After the car stopped, Kaiser went to the passenger side of the automobile and asked appellant, who was the passenger, to bring his left hand into view. When he did not respond, Kaiser opened the door and asked him to step out of the car. Appellant, upon stepping from the car, did not immediately present his left hand for Kaiser's inspection; however, he finally brought his left hand around in front of him and the officer saw that he had nothing in his hand. Appellant made no other gesture, statements or threats. Having ascertained that appellant had nothing in his left hand, the officer asked him what he was hiding and, simultaneously, reached forward and flipped open appellant's coat. As testified to by Officer Kaiser: "Well, I asked him what he had in his—there, you know, what he was hiding, and at the same time I reached forward and flicked the coat open—he had on a car coat—flicked the coat open and saw this plastic bag in his waistband, and then he made a motion to put it down further, and I reached for it at the same time and grabbed the bag and pulled it out."

The bag subsequently proved to contain 10.6 grams of marijuana.

Appellant contends that the search was unlawful and that the marijuana found on his person was illegally obtained and should have been excluded from evidence. Having moved to suppress the evidence at the trial, appellant has standing to raise this point on appeal.

■ Was Officer Kaiser justified in searching appellant? The test is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety and that of others was in danger. (*Terry* v. *Ohio*, 392 U.S. 1, 27 [20 L.Ed.2d 889, 909, 88 S.Ct. 1868].) In *Terry* the United States Supreme Court held that when an officer observes suspicious behavior, even though short of probable cause to arrest, he may conduct a "pat-down" search for weapons only if he has reasonable grounds to believe the suspect is "armed and presently dangerous." Our California Supreme Court, in *People* v. *Superior Court*, 3 Cal.3d 807, 828-830 [91 Cal.Rptr. 729, 478 P.2d 449], disapproved the "furtive gestures" doctrine as a justification for a weapons search in ordinary traffic violation cases. The court stated, at page 829, that "a warrantless search for weapons, like a search for contraband, must be predicated in traffic violation cases on specific facts or circumstances giving the officer reasonable grounds to believe that such weapons are present in the vehicle he has stopped."

The only basis for Officer Kaiser's search of appellant was the fact he was "suspicious that he was trying to conceal something, and then when

I noticed his left hand was over here and in what I didn't consider to be a normal position . . . I became concerned." The officer's concern was dispelled when he saw that appellant had nothing in his left hand. Perhaps it can be argued that because of appellant's gestures with his left hand it was reasonable for the officer to believe he was hiding a weapon on his person, that it was dark, on a country road, and the officer believed he should, for his own safety, search for a weapon. "We are not unmindful of the dangers daily faced by the men who bear the burden of policing our streets and highways, and of the fact that even a minor traffic citation incident can occasionally erupt into violence." (*People* v. *Superior Court, supra,* 3 Cal.3d at p. 829.)

However, at no time did appellant, after alighting from the car, make any untoward movements or gestures, or in any way threaten the personal safety of the officers. No report had been received by the officers of a recent crime in the area, nor had they reason to believe that appellant or the driver was fleeing the scene of any crime or was wanted by the police. We find no specific facts or circumstances in the record giving Officer Kaiser reasonable grounds to believe that appellant was armed and dangerous.

■ Even assuming that Officer Kaiser was justified in searching appellant for weapons, he nevertheless exceeded the scope of a permissible search. As stated in *Terry* v. *Ohio, supra,* 392 U.S. 1, at pages 30-31 [20 L.Ed.2d 889, at page 911]: "[An officer] is entitled for the protection of himself and others in the area to conduct a carefully limited search of the outer clothing of such persons in an attempt to discover weapons which might be used to assault him."

Failure to observe the restrictions of a permissible frisk under *Terry* has constituted grounds for reversal of convictions in a number of California cases. (*People* v. *Collins,* 1 Cal.3d 658, 663 [83 Cal.Rptr. 179, 463 P.2d 403]; *People* v. *Mosher,* 1 Cal.3d 379, 394 [82 Cal.Rptr. 379, 461 P.2d 659]; *Byrd* v. *Superior Court,* 268 Cal.App.2d 495, 496-497 [73 Cal.Rptr. 880].) "[E]xceeding the scope of a permissible frisk requires exclusion of the contraband seized." (*People* v. *Britton,* 264 Cal.App.2d 711, 717 [70 Cal.Rptr. 586].)

In *People* v. *Collins, supra,* 1 Cal.3d at page 663, it is stated by our Supreme Court: ". . . we hold that an officer who exceeds a pat-down without first discovering an object which feels reasonably like a knife, gun, or club must be able to point to specific and articulable facts which reasonably support a suspicion that the particular suspect is armed with an atypical weapon which would feel like the object felt during the pat-down.

Only then can judges satisfy the Fourth Amendment's requirement of a neutral evaluation of the reasonableness of a particular search by comparing the facts with the officer's view of those facts."

In *Byrd* v. *Superior Court, supra,* 268 Cal.App.2d 495, the officer grabbed the defendant's sweater and pulled it up, revealing four packages of marijuana. It was held that the action of the officer was improper and that the evidence obtained as a result of his action must be suppressed. In *People* v. *Mosher, supra,* 1 Cal.3d 379, 394, the court held that an officer may not reach inside the clothing of a suspect unless he has reason to believe a weapon is concealed there; unless the officer feels an object which a prudent man could believe was usable as an instrument of assault, the officer may not remove the object from inside of the suspect's clothing.

The Attorney General relies on *People* v. *Atmore,* 13 Cal.App.3d 244 [91 Cal.Rptr. 311]. In that case, as an officer was beginning to frisk the defendant, the suspect grabbed for his outside jacket pocket. The officer first moved the defendant's hand away from the pocket and then, after having patted it down from the outside and having felt a hard cylindrical object which the officer believed to be a shotgun shell, he removed the contents of the pocket, which proved to be a lipstick container and a marijuana cigarette. The reviewing court characterized the officer's reaching into the pocket as a "reflexive motion." We note that in *Atmore* the officer first patted down the pocket from the outside, thus ascertaining that there was a hard object therein which he believed to be a weapon, before removing the contents of the pocket. No such procedure was followed in the case at hand.

Had Officer Kaiser given appellant a pat-down search as authorized in *Terry* v. *Ohio, supra,* he would not have felt any weapon and the search would have stopped at this point. Officer Kaiser testified that when he flipped open appellant's coat: "I didn't know what I was going to find. I knew he put something in there but I didn't know what." The search clearly was exploratory, and not justified under the law.

The judgment is reversed.

Gargano, Acting P. J., and Brown (G. A.), J., concurred.